NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3191
_____

SANDRA HARMON,
                                        Appellant

v.

DEPARTMENT OF FINANCE, Sussex Co. Delaware; JASON ADKINS, individually
and in his capacity as defense counsel for Sussex County Administration; SUSSEX
COUNTY BOARD OF ADJUSTMENT & APPEALS MEMBERS; DALE
CALLAWAY, Chairman individually and in his capacity as Chairman; ELLEN MAGEE,
individually and in her capacity as a board member; J. BRUCE MEARS, individually and
in his capacity as a board member; JOHN MILLS, individually and in his capacity as a
board member; E. BRENT WORKMAN, individually and in his capacity as a board
member; SUSSEX COUNTY ADMINISTRATION
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-18-cv-01021)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 20, 2020
Before:  SHWARTZ, RESTREPO and NYGAARD, Circuit Judges

(Opinion filed: April 27, 2020)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Sandra Harmon appeals the District Court's order dismissing her complaint. For the reasons detailed below, we will vacate the District Court's judgment and remand for further proceedings.

Harmon owned real property in Rehoboth Beach, Delaware. In January 2018, Sussex County commenced a monition[1] action against Harmon to collect delinquent sewer and water bills and costs incurred when it demolished her fire-damaged home. Harmon claims that she paid the sewer and water bills, but that Sussex County and the individual defendants never consulted with her about the demolition costs, failed to give her notice of the monition action, charged excessively high interest on the demolition costs, and sold the property at a sheriff's sale without providing her with a reasonable time to pay the outstanding costs. She filed a complaint in District Court under 42 U.S.C. § 1983 alleging that the defendants had violated her constitutional rights.

The defendants filed a motion to dismiss arguing that, because the state monition action remained ongoing, the District Court should abstain under Younger v. Harris, 401 U.S. 37 (1971). The District Court granted the motion. Harmon filed a timely notice of appeal.[2]

---

[1] "Monition" is "a legal process in the nature of a summons or citation to appear and answer (as in default of performing some certain act)." Monition, Merriam-Webster's Unabridged Dictionary (2016).

[2] Harmon also filed a motion for reconsideration, which the District Court denied. Because Harmon did not file a timely new or amended notice of appeal encompassing the order denying her motion for reconsideration, we lack jurisdiction to consider that order. See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253–54 (3d Cir.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over whether the requirements for abstention have been met." Miller v. Mitchell, 598 F.3d 139, 145–46 (3d Cir. 2010).

We will vacate the District Court's judgment. The Court concluded that abstention under Younger was appropriate because "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims." ECF No. 23 at 6. These factors were set forth in Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 432 (1982).

However, in Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013), the Supreme Court "narrowed Younger's domain." Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 462 (3d Cir. 2019). "The Court explained—and we have stressed several times since—that the 'three Middlesex conditions' are no longer the test for Younger abstention." Id. (quoting Sprint, 571 U.S. at 81). Rather, courts must first analyze whether the parallel state action falls within one of "three exceptional categories": (1) criminal prosecutions, (2) "certain civil enforcement proceedings," and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint, 571 U.S. at 78 (quotation marks, alteration omitted).

---

2008).

3

The District Court therefore failed to apply the proper standard.  See Hamilton v. Bromley, 862 F.3d 329, 337 (3d Cir. 2017) (explaining, in similar circumstances, that "[b]y not applying the correct test for Younger abstention, the District Court erred"). Accordingly, we will vacate the District Court's judgment and remand so that it can decide, in the first instance, whether the state monition action falls within one of the three classes of cases described by Sprint.[3]

---

[3] We express no opinion about whether the monition action does fall within one of these classes of cases, whether Harmon's claims have merit, or whether the defendants have other meritorious defenses.